**FILED**
**NOVEMBER 13, 2007**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

U.S. DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| **AT&T CAPITAL SERVICES, INC.,** | : | **07 C 6428** |
| a Delaware corporation, and | : | |
| **SBC GLOBAL SERVICES, INC.,** | : | |
| a Delaware corporation, | : | |
| | : | |
| Plaintiffs, | : | |
| v. | : | |
| | : | Case No. **JUDGE FILIP** |
| | : | **MAGISTRATE JUDGE COX** |
| **WTL FINANCIAL, INC.,** | : | |
| a California corporation, and | : | |
| **CHRISTOPHER WARREN,** | : | **J. N.** |
| an individual, | : | |
| | ; | |
| Defendants. | : | |

### VERIFIED COMPLAINT

Now come Plaintiffs, AT&T CAPITAL SERVICES, INC. and SBC GLOBAL SERVICES, INC., ("Plaintiffs"), through their undersigned counsel, and for their Complaint, complain and allege of WTL FINANCIAL, INC. and CHRISTOPHER WARREN ("Defendants"), as follows:

### JURISDICTION AND VENUE

1.    Plaintiff AT&T Capital Services, Inc. is a Delaware corporation with its principal place of business at 2000 W. AT&T Center Dr., Hoffman Estates, IL 60192.

2.    Plaintiff SBC Global Services, Inc. is a Delaware corporation, which has registered "AT&T Global Services" as a DBA.  SBC Global Services, Inc.'s principal place of business is 225 W. Randolph Street, Chicago, IL 60606.

3.    Plaintiffs are informed and believe and thereon allege that Defendant WTL FINANCIAL, INC. is a corporation existing and operating under the laws of California, with its principal place of business in the State of California, County of

Sacramento, to which location Plaintiffs rendered financing and leasing services of telecommunications equipment that are the subject of this Complaint.

4. Plaintiffs are informed and believe and thereon allege that Defendant CHRISTOPHER WARREN is an individual residing in the State of California, County of Placer, City of Folsom.

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332(a), in that the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between parties that are citizens of different states.

6. Personal jurisdiction and venue is proper pursuant to Section 24 of the CompleteLease Agreement 001-3814200-001 signed by Defendants which is attached as Exhibit A.

7. Upon information and belief, the Defendants are not engaged in the military services of the United States and are engaged in a civilian occupation.

**GENERAL ALLEGATIONS**

8. Beginning in 2005, Defendants began ordering telecommunication equipment and leasing services from Plaintiffs.

9. Plaintiffs provided Defendants with telecommunications equipment and leasing services under account numbers 001-3814200-001 and 001-3814200-002 (the "Services").

10. The Services were provided by Plaintiffs pursuant to CompleteLease Agreement No. 001-3814200-001 attached as Exhibit A, Letter Proposal dated January 26, 2007 attached as Exhibit B, Addendum to Master Agreement dated January 26, 2007 attached as Exhibit C, AT&T Scope of Work for WTL Financial dated January 29, 2007

attached as Exhibit D, and CompleteLease Agreement No. 001-3814200-002 attached as Exhibit E, (collectively "Leases").

11.     Pursuant to Section 19 of the CompleteLease Agreement No. 001-3814200-001 and CompleteLease Agreement No. 001-3814200-002, AT&T is entitled to interest, attorney fees and expenses including the cost of repossession, storage, shipping, repairing and selling the Equipment.

12.     During the term of Service, Defendant WTL FINANCIAL, INC. failed to pay for the Services and other charges totaling $238,539.20.

13.     Defendant CHRISTOPHER WARREN is a signatory to, and issuer of, an Unconditional Continuing Personal Guaranty (the "Personal Guaranty") under CompleteLease Agreement 001-3814200-001.

14.     During the term of Service, Defendant CHRISTOPHER WARREN failed to pay for the Services and other charges totaling $20,791.54.

15.     Plaintiffs have demanded payment in full for the Services provided to Defendants, but have received no part of the $238,539.20 which is due.

16.     Plaintiffs have demanded return of all leased equipment from Defendants and have only been able to recover a portion of that leased equipment.

17.     Plaintiffs do not know the location of the remaining leased equipment.

## FIRST CAUSE OF ACTION
### (Breach of Contract)

18.     Plaintiffs incorporate by reference as if fully set forth herein, the allegations contained in paragraphs 1 through 17 above.

19.     Defendant WTL FINANCIAL, INC.'s refusal and failure to pay, as set forth above, constitutes a breach of contract.

20. Plaintiffs performed all of their obligations under their contracts with WTL FINANCIAL, INC.

21. As a result of Defendant WTL FINANCIAL, INC.'s breach of contract, Plaintiffs have suffered damages in the amount of $238,539.20.

22. Plaintiffs are entitled to all amounts owed under the Leases, plus interest, costs, and attorneys' fees associated with Defendant WTL FINANCIAL, INC.'s breach.

**SECOND CAUSE OF ACTION**
**(Breach of Personal Guaranty)**

23. Plaintiffs incorporate by reference as if fully set forth herein, the allegations contained in paragraphs 1 through 22 above.

24. Defendant CHRISTOPHER WARREN's refusal and failure to pay, as set forth above, constitutes a breach of the Personal Guaranty.

25. As a result of Defendant CHRISTOPHER WARREN's breach of the Personal Guaranty, Plaintiff AT&T Capital Services, Inc. has suffered damages in the amount of at least $20,791.54.

26. Plaintiff AT&T Capital Services, Inc. is entitled to all amounts owed under the Personal Guaranty, plus interest, costs, and attorneys' fees associated with Defendant CHRISTOPHER WARREN's breach.

**THIRD CAUSE OF ACTION**
**(Quantum Meruit)**

27. Plaintiffs incorporate by reference as if fully set forth herein, the allegations contained in paragraphs 1 through 17 above.

28. Plaintiffs furnished telecommunication equipment and leasing services to Defendant WTL FINANCIAL, INC.

29. The telecommunication equipment and leasing services were furnished by AT&T with the reasonable expectation that it would be paid for the telecommunication equipment and leasing services.

30. Defendant WTL FINANCIAL, INC. requested and accepted the services expecting to pay for them, or under such circumstances that it knew, or as a reasonable organization should have known, that Plaintiffs expected to be paid.

31. By failing to pay Plaintiffs the sums owed to them, Defendant WTL FINANCIAL, INC. has become unjustly enriched and is indebted to the Plaintiffs under the theory of Quantum Meruit for a minimum of $217,747.66.

### FORTH CAUSE OF ACTION
(Unjust Enrichment)

32. Plaintiffs incorporate by reference as if fully set forth herein, the allegations contained in paragraphs 1 through 17 above.

33. Plaintiffs furnished telecommunication equipment and leasing services to Defendant WTL FINANCIAL, INC.

34. The telecommunication equipment and leasing services were furnished by AT&T with the reasonable expectation that it would be paid for the telecommunication equipment and leasing services.

35. Defendant WTL FINANCIAL, INC. requested and accepted the services expecting to pay for them, or under such circumstances that it knew, or as a reasonable organization should have known, that Plaintiffs expected to be paid.

36. By failing to pay Plaintiffs the sums owed to them, Defendant WTL FINANCIAL, INC. has become unjustly enriched and is indebted to the Plaintiffs under the theory of Unjust Enrichment for a minimum of $217,747.66.

## FIFTH CAUSE OF ACTION
### (Replevin)

37. Plaintiffs incorporate by reference as if fully set forth herein, the allegations contained in paragraphs 1 through 17 above.

38. Upon information and belief, Defendants are in possession of the following telecommunications equipment ("Equipment"):

| Quantity | Description |
| --- | --- |
| 3 | Battery Backups 2 hour NTAK75AC |
| 1 | CS 1000M Cab Pkg (AC) NTDU35AB |
| 2 | Tmdi Pkg (1.5MB Dti/Pri)NTSF6800 |
| 29 | M3902 Basic Charcoal phones NTMN32GA70 |
| 3 | M3904 Professional Charcoal phones NTMN34GA70 |
| 10 | KENTROX T1 CSU, RACKMOUNT CARD #77115 |
| 1 | KENTROX 12 SLOT RACK MONT SHELF #77020 |
| 180 | Plug Prong Amplifier P10 AA0043194 |
| 180 | H261N-SupraPlus Bi/NC head sets # AA0132670 |
| 1 | Modular ICS (MICS) |
| 1 | Modular ICS 6.1 Software |
| 4 | T7208 Telephone Set W/MWI – Charcoal |
| 35 | T7316e Telephone Set W/MWI – Charcoal |
| 3 | T24 Key Indicator Module – Charcoal |
| 1 | Fiber 2 Port Expansion Cartridge (MICS) |
| 1 | Fiber Trunk Module (MICS) |

6

| | |
|---|---|
| 1 | Fiber Station Module (MICS) |
| 1 | Service Cartridge (MICS) |
| 1 | Digital Trunk Interface (MICS) |
| 3 | Global Analog Trunk Cartridge – CLID |
| 1 | CallPilot 150 Voice Mail System |
| 1 | RSI Remote Installation |
| 1 | Voice Messaging Mailboxes – 4 |
| 3 | Voice Messaging Mailboxes – 1 |
| 1 | Revolution Call Accounting (v3.0) |
| 1 | Revolution Call Accounting 1st yr maint |
| 1 | Station Message Detail Recording 6 |
| 1 | Power Bar |
| 25 | Norstar PLUS MICS Telephone Feature Card |
| 36 | Plantronics Polaris Headset |
| 1 | UPS Back-up System\TE-600 |
| 1 | 6FT. RS232 Cable with 9 Pin Connector |
| 1 | Test Central Office T1/PRI lines |
| 10 | Test Central Office and/or Centrex Lines |
| 39 | Tone, Tag and Test Customer's Present Cable |
| 1 | UPS Wall Mount Bracket |

39. The Equipment is leased and financed by Plaintiffs and Defendants are in breach of the Leases.  As further described herein, the Leases are in default and Plaintiffs are entitled to have possession of the Equipment.

40. The Equipment is leased under CompleteLease Agreement No. 001-3814200-001, Letter Proposal dated January 26, 2007, Addendum to Master Agreement dated January 26, 2007, AT&T Scope of Work for WTL Financial dated January 29, 2007 and CompleteLease Agreement, No. 001-3814200-002.

41. The Leases are in default because the Defendants have failed to make proper payments due since February 1, 2007.

42. In the event of default under the Leases, Plaintiffs are entitled to have possession of the Equipment.  Plaintiffs have attempted to locate and take possession of the Equipment, but to date have been unable to retake possession of it.

43. Upon information and belief, the retail value of the Equipment is $3,700.00.

44. Upon information and belief, the Equipment has not been taken for a tax assessment or fine pursuant to statute, or seized under an execution, nor is it subject to any lien, assessment, or attachment, nor is the Equipment exempt from seizure pursuant to any statute.

45. Plaintiffs claim the value of the Equipment not delivered to the officer under the order for Replevin entered by the court.

## SIXTH CAUSE OF ACTION
### (Declaratory Judgment)

46. Plaintiffs incorporate by reference as if fully set forth herein, the allegations contained in paragraphs 1 through 17 above.

47.     Paragraph 19 of CompleteLease Agreements No. 001-3814200-001 and 001-3814200-002 allow for Plaintiff AT&T Capital Services, Inc. to require the Lessee to return the Equipment to AT&T.

48.     Plaintiff AT&T Capital Services, Inc. seeks a Declaratory Judgment under Rule 57, F.R.C.P. that the Defendants are obligated to return all Equipment to Plaintiffs.

## SEVENTH CAUSE OF ACTION
### (Injunction)

49.     Plaintiffs incorporate by reference as if fully set forth herein, the allegations contained in paragraphs 1 through 17 and 38 through 45 above.

50.     Despite demand, the Defendants have failed and refused to return Plaintiffs' Equipment pursuant to the terms of the Leases.

51.     Plaintiffs are entitled to a mandatory injunction pursuant to Rule 65, F.R.C.P., compelling the Defendants to return the Equipment in accordance with the Leases.

52.     The award of such injunctive relief is further required in order to effectuate and further any declaratory judgment entered by the Court in this action.

## EIGHTH CAUSE OF ACTION
### (Conversion)

53.     Plaintiffs incorporate by reference as if fully set forth herein, the allegations contained in paragraphs 1 through 17 and 38 through 45 above.

54.     Plaintiffs have a right to the Equipment held by Defendants pursuant to the Leases.

55. Defendants' refusal and failure to return the Equipment, has resulted in Defendants' unauthorized possession and control over the Equipment belonging to Plaintiffs.

56. Defendants continued possession and control over the Equipment is unauthorized and constitutes a conversion of personal property belonging to Plaintiffs.

57. As a direct result of the Defendants' unauthorized conversion, Plaintiffs have been damaged in the amount of at least $3,700.00 plus interest as provided by law and contract.

## NINTH CLAIM FOR RELIEF
### (Specific Performance)

58. Plaintiffs incorporate by reference as if fully set forth herein, the allegations contained in paragraphs 1 through 17 above.

59. Defendants are in default under the Leases for failing and refusing to return the Equipment to Plaintiffs in accordance with the Leases.

60. Under the terms of the Leases, in the event of a default by the Lessee, Plaintiffs as Lessor are entitled to have the "Lessee return the Equipment to Lessor" and Plaintiffs, therefore, have the right to specific performance.

61. Plaintiffs are entitled to a judgment of specific performance requiring that Defendants convey the Equipment to Plaintiff.

62. All conditions precedent to this claim have been satisfied.

WHEREFORE Plaintiffs pray for judgment as more fully set forth below:

1. On their First Claim for Relief, for amounts due and owing under the CompleteLease Agreement No. 001-3814200-001, Letter Proposal dated January 26, 2007, Addendum to Master Agreement dated January 26, 2007, AT&T Scope of Work

for WTL Financial dated January 29, 2007 and CompleteLease Agreement, No. 001-3814200-002, and all other applicable agreements, including but not limited to $238,539.20 in unpaid telecommunication equipment and leasing services charges, plus interest, attorney fees and other costs pursuant to the Leases.

2.  On their Second Claim for Relief, for amounts due and owing under the Personal Guaranty and all other applicable agreements, including but not limited to $20,791.54 in unpaid telecommunication equipment and leasing services charges, plus interest, and attorney fees and other costs pursuant to the Leases;

3.  On their Third and Forth Claims for Relief, for amounts due and owing for telecommunication equipment and leasing services provided to Defendants, including but not limited to $217,747.66;

4.  On their Fifth Claim for Replevin against Defendants for,

    a.  possession of the Equipment;

    b.  the value of the Equipment not delivered; and

    c.  damage for the detention;

5.  On their Sixth Claim for Relief for a declaratory judgment that (i) Defendants be required to return the Equipment within thirty (30) days of the such judgment; and (ii) Defendants are in breach of the Leases as a result of its failure to return the Equipment as stated in the Leases;

6.  On their Seventh Claim for Relief, that Plaintiffs are entitled to a mandatory injunction compelling the Defendants return the Equipment to Plaintiffs in accordance with the terms of the Leases;

7.  On their Eighth Claim for Relief, that Plaintiffs are entitled to amounts of the market value of the Equipment at the time of the conversion, with interest and the reasonable value of the use of property during the time of detention, and reasonable rental or use value of the converted property;

8.  On their Ninth Claim for Relief, for a judgment of specific performance requiring that the Defendants convey the Equipment to Plaintiff.

9.  On all claims, for interest, costs and attorney fees as allowed by law and under the Leases; and

10. On all claims, for such other and further relief as to Court may seem appropriate under the circumstances of this case.

Dated this 13th day of November, 2007.

      /s/ Andrew M. Spangler, Jr.
Andrew M. Spangler, Jr.
Chico & Nunes, P.C.
333 W. Wacker Drive, Suite 1800
Chicago, IL  60606
312-463-1000
Email: aspangler@chiconunes.com

ATTORNEYS FOR PLAINTIFFS

## VERIFICATION

_Rosann Costantino_ being of lawful age and duly sworn, upon oath state that he/she has read the above Verified Complaint and that the allegations therein contained are true and correct to the best of his/her knowledge, information and belief.

_/s/ Rosann Costantino_

State of _IL_ )
) ss
County of _Cook_ )

I hereby swear that the foregoing Verification was acknowledged before me this _5_ day of October, 2007, by _Kimberly R. Levenburg_

WITNESS my hand and official seal.

(SEAL)

```
OFFICIAL SEAL
KIMBERLY R LEVENBURG
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:05/14/08
```

_/s/ Kimberly R Levenburg_
Notary Public

My commission expires on _5/14/08_.

13